**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JORGE PONCE, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-08-167-R |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
|     Respondent. ) | |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Judge entered June 10, 2008, [Doc. No. 14] and Petitioner's Objection to the Report and Recommendation filed June 24, 2008. Doc. No. 15. Also before the Court is Petitioner's motion for appointment of counsel. Doc. No. 16.

In his Objection to the Report and Recommendation, Petitioner asserts that the statute of limitations for the filing of his 28 U.S.C. § 2254 habeas petition should be equitably tolled because during the period of time between October 22, 2002 and January 5, 2007, Petitioner was without counsel and searching for a competent legal assistant who could communicate with Petitioner in his native language, Honduran. Petitioner states that the untrained law clerk who prepared his § 2254 petition has relocated.

Petitioner waived the right to assert that the applicable statute of limitations for filing his habeas petition, 28 U.S.C. § 2244(d)(1)(A), should be equitably tolled by failing to respond to Respondent's motion to dismiss and argue to the Magistrate Judge that the statute of limitations should be equitably tolled. *See Pevehouse v. Scibana*, 229 Fed. Appx. 795,

796, 2007 WL 1895743 at * 1 (10th Cir. July 3, 2007) (No. 06-6378)(district court correctly held that petitioner had waived an argument by failing to raise it before the magistrate). Secondly, Petitioner has failed to provide specific facts to support his burden of showing that since October 22, 2002 he has been diligently pursuing his rights and that some extraordinary circumstances prevented him from timely filing his petition, to warrant equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929-30 (10th Cir. 2008)(citing, *inter alia*, *Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) and *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner herein has provided less factual support for his claim that his lack of English proficiency and legal assistance prevented his timely filing than did the Petitioner in *Yang*, whom the Tenth Circuit concluded had met neither prong of the equitable tolling test. Moreover, Petitioner's Objection, which he filed after the untrained law clerk who prepared his petition allegedly relocated, demonstrates that Petitioner is sufficiently proficient in English, capable of articulating his legal arguments and capable of finding and citing relevant legal authorities to have timely pursued his habeas claims.

In light of the foregoing, Petitioner's motion for appointment of counsel [Doc. No. 16] is DENIED both as moot and without merit. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Williams v. Meese*, 926 F.2d 994, 996 (0th Cir. 1991) (factors to consider in determining whether counsel should be appointed, in the court's discretion, in a civil case brought by a person unable to afford counsel).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 14], which the Court has reviewed *de novo* in light of Petitioner's Objection, is ADOPTED in its entirety, Respondent's motion to dismiss [Doc. No. 12] is GRANTED and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 herein is DISMISSED.

IT IS SO ORDERED this 25th day of June, 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE